JOHN A. POST and others *vs.* ABRAHAM STEVENS, jun., and CORNELIUS BERGEN, executor of Abraham Stevens, deceased.

Where the necessity for filing the bill was occasioned by the misconduct of the defendants as executors, in omitting to inventory and in refusing to account for moneys which were due the estate, no costs will be allowed them out of the estate.

2 B*

*Woodruff*, for complainants.

*Gledhill*, for defendants.

THE CHANCELLOR. The bill was filed by the residuary legatees under the will of Abraham Stevens, deceased, for a settlement of the estate, and the recovery of the shares of the estate to which the complainants are respectively entitled. The bill charges, that Abraham Stevens, jun., one of the executors, was indebted to the testator, at the time of his death, in about the sum of $2000, and that there were large amounts due from other individuals, none of which were included in the inventory of the estate. The bill charges fraud as against Stevens, one of the executors, and a breach of duty on the part of the other executor, in knowingly permitting omissions to be made in making out the inventory. The principal controversy in the cause related to the debt due from one of the executors to his father, the testator. By the decree of the Chancellor, made at October term, 1857, this claim was established, and Stevens was required to account for the amount of two notes, given by him to his father in his lifetime, which were not included in the inventory, and which now amount, as appears by the master's report, with interest, to $1923.21. The other charges against the executor were held not to be sustained by the evidence. From this decree an appeal was taken by the executors, and the Chancellor's decision affirmed with costs.

The master having taken and stated the account of the executors, and no exception having been taken thereto, the question of costs and commissions is now submitted for adjustment by the court.

On examining the master's report, the question of costs appears to have been decided by the master adversely to the executors. But as the schedule referred to by him, containing a statement of the costs, is not annexed to the report, and as the question was treated as an open one by

both counsel, I shall consider the matter as though it had not been decided by the master.

So far as relates to the costs on appeal, the question has been already settled. The decree of the Chancellor was affirmed, with costs, against the executors, in favor of the complainants. The complainants are the residuary legatees under the will, and entitled to the net balance of the estate. To allow the executors those costs out of the estate would virtually, in this respect, be a reversal of that decree. The claim for costs in this court must also be disallowed. The costs have mainly arisen from an attempt on the part of one of the executors to establish his claim to be relieved from the payment of certain debts due from him to the testator. The decree of the court is against them. The utmost they can in equity ask is, that they should not be charged with the costs of the adverse party. There is no equity in requiring the adverse party to pay their costs incurred in a wrongful defence. It is true there has been a settlement of the estate, and that a part of the claim set up by the complainants was not established. Yet the necessity of filing the bill, and bringing the cause into this court at all, was occasioned by the misconduct of the defendants in omitting to inventory and in refusing to account for a large amount of money which was due the estate. No costs are allowed.

Commissions will be allowed to the executors for their services at the *maximum* rate allowed by the act of March 17th, 1855.